IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HENDERSON,
an individual resident of the State of Georgia

       Plaintiff,

                                    Civil Action No. 10-_____

v.

                                    Honorable _____

NICK CARTER P/K/A MURS,
an individual resident of the State of California and;
PATRICK DOUTHIT P/K/A 9TH WONDER,
an individual resident of the State of North Carolina and
SMC RECORDINGS, INC.,
a California Corporation

       Defendants.

---

Jeffrey P. Thennisch (P51499)
Counsel for Plaintiff
Dobrusin & Thennisch, PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan  48342
(248) 292-2920/(248) 292-2910 (Fax)
jeff@patentco.com

---

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Michael Henderson, by and through his attorney, hereby complains against the Defendants, Nick Carter p/k/a Murs, Patrick Douthit p/k/a 9th Wonder, and SMC Recordings, Inc. (collectively referred to herein as "Defendants"), jointly and severally, as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Michael Henderson (hereinafter "Plaintiff"), is an individual resident of the state of Georgia.

2. Upon information and belief, Nick Carter p/k/a Murs (hereinafter "Murs"), is an individual resident of the state of California.

3. Upon information and belief, Murs is a well-known recording artist.

4. Upon information and belief, Patrick Douthit p/k/a 9th Wonder (hereinafter "9th Wonder"), is an individual resident of the state of North Carolina.

5. Upon information and belief, 9th Wonder is a well-known recording artist and producer.

6. Upon information and belief, Defendant, SMC Recordings, Inc. (hereinafter "SMC Recordings"), is a corporation formed under the laws of the State of California with a principal place of business at 3210 21st Street in San Francisco, California 94110.

7. Upon information and belief, SMC Recordings is a full-service independent record label.

8. This Court has jurisdiction under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.; the Lanham Act, 15 U.S.C. § 1051 et seq.; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338 (b); as well as the doctrine of supplementary jurisdiction 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the actions and acts of infringement complained of herein have occurred in this District and, more particularly, the Defendants have released the infringing work over the internet where users in Michigan can exchange information, download, stream, and/or listen to the infringing work.

## FACTUAL BACKGROUND

10.     Plaintiff led a very prolific musical career as a world-renowned bass guitarist, songwriter, record producer, and vocalist.

11.     Plaintiff has been described as "one of the most influential jazz and soul musicians of the past 40 years."

12.     Plaintiff is sole composer, producer, singer, bassist, and vocalist of a musical album, more commonly known as "Do It All."

13.     In July 1981, Plaintiff applied for and received a U.S. Copyright Registration PA 112-736 for the words and music of the "Do It All" album, which was registered and issued by the U.S. Copyright Office on July 27, 1981.  A copy of Plaintiff's issued copyright registration for the "Do It All" album is attached hereto as Exhibit 1.

14.     Contained within the aforesaid album is a song/track entitled "Wait, Until The Rain," (hereinafter the "Copyrighted Work") which Plaintiff is the sole owner and holder of all rights, title, and interest in and to the copyrightable subject matter in the Copyrighted Work.

15.     At some time in the past, during a time period not presently known to the Plaintiff, the Defendants had access to and/or reviewed Plaintiff's Copyrighted Work by virtue of the fact that Plaintiff had previously sold and disseminated the aforesaid album to the public containing the Copyrighted Work.

16.     At some time in the past, during a time period not presently known to the Plaintiff, the Defendants redistributed, sampled, and offered the general public the opportunity to download, stream, and/or listen to their song entitled "3:16 pt. 2" (hereinafter the "Infringing Work").  Plaintiff's voice, lyrics, and musical composition from the Copyrighted Work are featured prominently on the track.

17.     Despite Defendants' actual knowledge that they did not have permission, consent, nor license to utilize Plaintiff's Copyrighted Work, Defendants allowed the general public to download, stream and/or listen to the Infringing Work, all the while taking full credit for

the work and not acknowledging the expropriation of Plaintiff's work. A representative sample of the various websites that offered the general public the opportunity to download, stream, and/or listen to the Infringing Work is shown hereto at Exhibit 2.

18. Defendants' *actual* knowledge that they did not have permission, consent, nor license to utilize Plaintiff's Copyrighted Work is exemplified by virtue of the fact that at least Defendant 9th Wonder has previously obtained licensing agreements from Plaintiff to utilize various samples of Plaintiff's musical compositions not including the Copyrighted Work.

19. Upon information and belief, Defendants released the Infringing Work via the internet available for the general public to download, stream, and/or listen to the Infringing Work in order to create a pre-release "buzz" and/or publicity for their upcoming album entitled "Fornever" that was eventually released on April 13, 2010.

20. Upon information and belief, the Infringing Work increased the sales of Defendants' album "Fornever."

21. Upon information and belief, the Infringing Work proved to be of substantial commercial value to Defendants, particularly as exemplified through internet user comments as shown at Exhibit 3 hereto.

22. Upon information and belief, the Infringing Work additionally increased the Defendants' popularity, notoriety, and/or fame while also increasing ticket sales to concerts.

23. Upon information and belief, Defendants performed the Infringing Work live in concert as shown at Exhibit 4 hereto.

24. Upon information and belief, at least Defendant 9th Wonder has continued to further expropriate the Infringing Work by releasing the Infringing Work on a mixtape entitled "Head of the Class 3."

25. Upon information and belief, at least Defendant 9th Wonder released the aforesaid mixtape via the internet for download. A representative sample of the various

websites that offered the general public the opportunity to download, stream, and/or listen to the aforesaid mixtape containing the Infringing Work is shown hereto at Exhibit 5.

26. Upon information and belief, in addition to infringing the Plaintiff's Copyrighted Work, Defendants' actions function as a claim for unfair competition and unjust enrichment under state and federal law which stands and subsists independently from Plaintiff's claim for infringement of the Copyrighted Work.

27. Upon information and belief, Defendants' use of the Plaintiff's work has created a false association between the Plaintiff and Defendants to the detriment of the Plaintiff. Additionally, Plaintiff's image and reputation have been tarnished and diminished through this association, particularly in the context in which Defendants utilize Plaintiff's work.

28. At no time did the Plaintiff, give or grant any permission or consent to the Defendants to commit any of the infringing or wrongful acts in violation of the Plaintiff's Copyrighted Work or otherwise authorize the Defendants to redistribute, sample, or offer the general public the opportunity to download, stream, and/or listen to the Plaintiff's Copyrighted Work, or any portion thereof.

29. Defendants have and will continue to earn profits, revenue, and develop goodwill from their wrongful acts, including the infringing use of Plaintiff's Copyrighted Work and other rights, all at significant costs and damage to the Plaintiff.

## COUNT I
## COPYRIGHT INFRINGMENT OF PA 112-736

30. Plaintiff hereby incorporates by reference all of the averments set forth in Paragraphs 1 through 29, inclusive, with the same effect as though fully rewritten in this Count for infringement by Defendants of Plaintiff's Copyrighted Work.

31. Among the exclusive rights granted to Plaintiff under the Copyright Act is/are the exclusive right to reproduce the Copyrighted Work, prepare derivative works, perform and to distribute and display the Copyrighted Work to the public.

32. By virtue of the facts herein averred, the Defendants have been and are engaging in copyright infringement by redistributing, sampling, and offering the general public the opportunity to download, stream, and/or listen to the Infringing Work.

33. By virtue of these actions, the Defendants have violated the Plaintiff's exclusive rights set forth in the U.S. Copyright Act and engaged in actionable copyright infringement within the meaning of at least 17 U.S.C. § 501.

34. Defendants' actions constitute infringement of Plaintiff's Copyrighted Work and exclusive rights under 17 U.S.C. § 101 et seq., including 17 U.S.C. § 106.

35. Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff. As a result of Defendants' conduct and infringement of Plaintiff's Copyrighted Work and exclusive rights under copyright law, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement and/or willful infringement of the Copyrighted Work and/or actual damages sustained by the Plaintiff as well as other remedies allowed by the U.S. Copyright Act. Plaintiff is further entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. 1125(a)

36. Plaintiff hereby incorporates by reference all of the averments set forth in Paragraphs 1 through 35, inclusive, with the same effect as though fully rewritten in this Count for unfair competition by Defendants.

37. By virtue of the facts herein averred, the Defendants have been and are continuing to engage in acts of unfair competition by redistributing, sampling, and offering the general public the opportunity to download, stream, and/or listen to the Infringing Work in a manner likely to cause confusion, or to cause mistake, or to deceive the public and consumers,

or create a false association, sponsorship, or designation with the Plaintiff's Copyrighted Work as to the authorized source of the musical composition.

38. Upon information and belief, Defendants offer, and promote, and cause to be offered and promoted, the Infringing Work to individuals and in areas and channels of trade which will cause consumer confusion among listeners of the Infringing Work in this judicial district.

39. Upon information and belief, the unauthorized use of the Plaintiff's Copyrighted Work by the Defendants has created a false association of sponsorship between the Plaintiff and the Defendants.

40. Upon information and belief, the Defendants have benefitted and derived commercial and/or economic gain by virtue of their use and association with the Plaintiff's Copyrighted Work.

41. Upon information and belief, Defendants' infringing, confusing, and unauthorized use of the Plaintiff's Copyrighted Work has been deliberate and willful and has been committed with the intent to cause confusion and mistake, and to deceive and defraud the public.

42. Upon information and belief, Defendants, unless restrained by this Court will continue to redistribute, sample, and offer the general public the opportunity to download, stream, and/or listen to the Infringing Work.

43. The acts of the Defendants are causing irreparable injury to Plaintiff's trade, business reputation, prestige and goodwill. Upon information and belief, the infringing acts of the Defendants will expand and multiply in scope unless retrained by this Court under the provisions of Fed.R.Civ.P. 65. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT III
## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

44. Plaintiff hereby incorporates by reference all of the averments set forth in Paragraphs 1 through 43, inclusive, with the same effect as though fully rewritten in this Count for violations of the Michigan Consumer Protection Act by Defendants. This Court has jurisdiction over this count under the Lanham Act, 15 U.S.C. § 1051 et seq., (particularly 15 U.S.C. § 1125) and 28 U.S.C. §§ 1338(a) and (b), as well as the doctrine of supplemental jurisdiction under 28 U.S.C. 1367.

45. By virtue of the facts herein averred, the acts of the Defendants constitute a violation of the Michigan Consumer Protection Act, 445.901 et seq., including MCPA 445.903(1)(c) which prohibits "unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" and other acts which cause or are likely to cause confusion among consumers in the marketplace.

46. The acts of the Defendants are causing irreparable injury to Plaintiff's trade, business reputation, prestige and goodwill in violation of the Michigan Consumer Protection Act. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT IV
## UNJUST ENRICHMENT

47. Plaintiff hereby incorporates by reference all of the averments set forth in Paragraphs 1 through 46, inclusive, with the same effect as though fully rewritten in this Count for unjust enrichment under the common law of the State of Michigan. Plaintiff submits that this Court has jurisdiction over this Count under the doctrine of supplemental jurisdiction under 28 U.S.C. 1367.

48. By virtue of the facts herein averred, the acts of the Defendants have resulted in the unjust enrichment of the Defendants in violation of the common law of the State of Michigan.

49. The acts of the Defendants are causing irreparable injury to Plaintiff's trade, business reputation, prestige and goodwill in violation of the common law of the State of

Michigan. Plaintiff has no adequate remedy at law and said acts will continue unless restrained by this Court.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

50.     Plaintiff hereby incorporates by reference all of the averments set forth in Paragraphs 1 through 49, inclusive, with the same effect as though fully rewritten in this Count for unfair competition under the common law of the State of Michigan. Plaintiff submits that this Court has jurisdiction over this Count under the doctrine of supplemental jurisdiction under 28 U.S.C. 1367.

51.     Upon information and belief, Defendants' aforesaid acts are intentional, deliberate, wanton and willful.

52.     Upon information and belief, Defendants' aforesaid acts have damaged Plaintiff and resulted in Plaintiff suffering actual damages, marketplace damages, lost sales, lost profits, and loss of goodwill.

53.     By virtue of the facts herein averred, the Defendants have been and are continuing to engage in acts of unfair competition by redistributing, sampling, and offering the general public the opportunity to download, stream and/or listen to the Infringing Work in a manner likely to cause confusion, or to cause mistake, or to deceive the public and consumers, or create a false association, sponsorship, designation with the Plaintiff's Work as to the authorized source of the musical composition.

54.     Defendants' aforesaid acts are causing irreparable harm to Plaintiff and will continue to irreparably damage Plaintiff unless enjoined by this Court. Therefore, Plaintiff is without an adequate remedy at law and is entitled to injunctive relief.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, as follows:

A.     Enter an Order pursuant to Fed. R. Civ. P. 65 preliminarily and permanently enjoining the Defendants, its agents, servants and employees and all persons in active concert

or participation with them, from (1) manufacturing, displaying, promoting, offering, disseminating, or selling Plaintiff's Copyrighted Work or any modification, derivation, or reproduction thereof; (2) copying, displaying, or distributing, or in any other way using the Plaintiff's copyrighted subject matter and materials in any type of article or product, specifically in the music industry; and (3) making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that the Defendants or any goods or services offered by Defendants are in any manner, directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by Plaintiff or anyone associated with Plaintiff.

B.  Enter an Order directing the Defendants to produce to Plaintiff's counsel for impoundment and destruction all infringing advertising, products, or other infringing articles in Defendants' possession, custody or control, as well as within the custody or control of any persons associated with or acting on behalf of the Defendants;

C.  Enter an Order requiring the Defendants to file with the Court and to serve on Plaintiff's counsel, within thirty (30) days after service of any preliminary injunction or permanent injunction issued here, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

D.  Order an accounting of profits and other damages derived from the Defendants' acts of copyright infringement, federal unfair competition, as well as common law violations.

E.  Order that Plaintiff be awarded damages for Defendants' copyright infringement as either (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from its unlawful infringement of Plaintiff's Copyrighted Work; or (ii) statutory damages for each act of infringement in an amount provided by law, at Plaintiff's election before the entry of a final judgment, together with prejudgment and post-judgment interest;

F.      Enter a judgment in favor of Plaintiff and against the Defendants in an amount to be set forth when determined as damages, the amount of damages including: (i) actual losses and harm suffered by the Plaintiff due to Defendants' actions and infringement; (ii) profits the Plaintiff has lost or will lose due to Defendants' actions and infringement; (iii) profits and advantages obtained by Defendants by their actions and infringement; and (iv) treble damages and attorneys' fees, or in the alternative, statutory fees pursuant to 15 U.S.C. §1117 and the United States Copyright Act (17 U.S.C. §101 et. seq.), and a proper amount of punitive and exemplary damages based upon the willful nature of Defendants' conduct;

F.      Award Plaintiff the expenses, including attorney's fees and costs, incurred by them in the pursuit of this cause of action, including attorneys' fees pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117; and

G.      Award Plaintiff its costs and such further relief as the Court deems necessary and proper.

**JURY DEMAND**

Plaintiff, Michael Henderson, demands a trial by jury on issues so triable.

Respectfully submitted,

Dated: July 6, 2010

By: /s/ Jeffrey P. Thennisch
Jeffrey P. Thennisch (P51499)
Attorneys for Plaintiff
Dobrusin & Thennisch, PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan 48342
(248) 292-2920/(248) 292-2910 (Fax)

**VERIFIED STATEMENT**

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing aversions in Plaintiff's Verified Complaint And Demand for Jury Trial are true and correct to the best of my knowledge, information and belief.

Dated: June 21, 2010

By: _____
Michael Henderson
Plaintiff